# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SANTAEZE MURRY BRASSFIELD,

        Defendant-Appellant.

UNPUBLISHED
September 22, 2015

No. 321935
Oakland Circuit Court
LC No. 2013-247526-FC

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals as of right from his jury convictions of armed robbery, MCL 750.529, and felon in possession of a firearm ("felony-firearm"), MCL 750.227b(1). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 35 to 99 years' imprisonment for the armed robbery conviction, to be served consecutively to the mandatory two-year term for felony-firearm. We affirm.

## I. SENTENCING

## A. UPWARD DEPARTURE

Defendant first argues that the trial court abused its discretion in imposing a sentence that was a five-year upward departure from the sentencing guidelines. Specifically, defendant contends it was improper for the trial court to base its deviation from the sentencing guidelines on factors that were already taken into consideration when scoring the appropriate guidelines.

In *People v Babcock*, 469 Mich 247, 264-265; 666 NW2d 231 (2003), our Supreme Court provided the following standard for reviewing a trial court's deviation from the sentencing guidelines:

> [T]he existence or nonexistence of a particular factor is a factual determination for the sentencing court to determine, and should therefore be reviewed by an appellate court for clear error. The determination that a particular factor is objective and verifiable should be reviewed by the appellate court as a matter of law. A trial court's determination that the objective and verifiable factors present in a particular case constitute substantial and compelling reasons

-1-

to depart from the statutory minimum sentence shall be reviewed for abuse of discretion. [Citations and quotation marks omitted.]

And in *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008), the Court set forth the following principles to guide trial courts when departing from the sentencing guidelines:

(1) The trial court bears the burden of articulating the rationale for the departure it made. A reviewing court may not substitute its own reasons for departure. Nor may it speculate about conceivable reasons for departure that the trial court did not articulate or that cannot reasonably be inferred from what the trial court articulated.

(2) The trial court must articulate one or more substantial and compelling reasons that justify the departure it made and not simply *any* departure it might have made.[1]

(3) The trial court's articulation of reasons for the departure must be sufficient to allow adequate appellate review.

(4) The minimum sentence imposed must be proportionate. That is, the sentence must adequately account for the gravity of the offense and any relevant characteristics of the offender. To be proportionate, a minimum sentence that exceeds the guidelines recommendation must be more appropriate to the offense and the offender than a sentence within the guidelines range would have been.

(5) When fashioning a proportionate minimum sentence that exceeds the guidelines recommendation, a trial court must justify why it chose the particular degree of departure. The court must explain why the substantial and compelling reason or reasons articulated justify the minimum sentence imposed.

(6) It is appropriate to justify the proportionality of a departure by comparing it against the sentencing grid and anchoring it in the sentencing guidelines. The trial court should explain why the substantial and compelling reasons supporting the departure are similar to conduct that would produce a guidelines-range sentence of the same length as the departure sentence.

(7) Departures from the guidelines recommendation cannot be assessed with mathematical precision. The trial court must comply *reasonably* with its obligations under the guidelines, as set forth in this opinion, to further the legislative goal of sentencing uniformity. [*Id*. at 318-319.]

---

[1] In *People v Lockridge*, ___ Mich ___; ___ NW2d ___ (2015) [Docket No. 149073], slip op at 28-29, our Supreme Court struck down the requirement that a sentencing court articulate a substantial and compelling reason for departing from the applicable sentencing guidelines range as set forth in MCL 769.34(3).

Defendant argues on appeal that the trial court abused its discretion in justifying its upward deviation on a factor already taken into account when scoring the sentencing guidelines. Specifically, defendant asserts that it was improper for the trial court to consider the threat defendant made against the family of his accomplice, Lawrence Thomas, and to justify the upward deviation of five years on that basis. We disagree.

It is clear on this record that the trial court was very careful and deliberate in exercising its discretion to conclude that defendant's threat to Thomas's family, although considered in scoring the sentencing guidelines, was given disproportionate and inadequate weight, and thus warranted an upward deviation. Further, adhering to Supreme Court precedent, the trial court clearly provided justification not only for the upward departure, but for the extent of the particular departure. See *id*. at 303. And the trial court indicated that the upward deviation satisfied the principle of proportionality. See *id*. at 304-305. After review of the record, we are not persuaded that the trial court abused its discretion in concluding that defendant's threat—that he would see to it that Thomas's family was harmed, which was made during trial and in the presence of uniformed police officers after Thomas's direct testimony but before he was cross-examined—was sufficient reason to deviate from the sentencing guidelines. The trial court's decision clearly fell within the range of principled outcomes, and therefore did not amount to an abuse of discretion. See *Babcock*, 469 Mich at 269.

## B. OFFENSE VARIABLES

Defendant next argues that the trial court erred in scoring offense variables 14 and 19. We disagree.

When reviewing a sentence under the sentencing guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Defendant argues that OV 14 was improperly scored at 10 points. MCL 777.44(1)(a) provides that OV 14 should be scored at 10 points if the "offender was a leader in a multiple offender situation." In *People v Rhodes*, 305 Mich App 85, 90; 849 NW2d 417 (2014), we noted that *Random House Webster's College Dictionary* (2001) defined a "leader" as a person that leads and "to lead" generally means to guide, precede, show the way, or direct. In this case, the record showed that it was defendant's idea to commit the robbery and he was the first person out of the vehicle to approach the victim, saying "I'm on him." After the robbery was committed, defendant told Thomas to keep driving in their attempt to flee from the police, threw their guns out of the vehicle, and urged Thomas to run from the police when they abandoned their vehicle. On this record, the trial court did not clearly err in scoring of OV 14 at 10 points.

Defendant also argues that the trial court clearly erred in scoring OV 19 at 15 points because he did not threaten a police officer or someone who "administers justice." MCL 777.49(b) provides for the scoring of 15 points when the offender "used force or the threat of force against another person . . . to interfere with, attempt to interfere with, or that results in the

interference with the administration of justice . . . ." Defendant's threat of harm against Thomas's family, made after Thomas's direct testimony and before he was cross-examined, is behavior that is properly scored under OV 19. See *People v Hershey*, 303 Mich App 330, 343-344; 844 NW2d 127 (2013).

## C. JUDICIAL FACTFINDING

Defendant next argues that he is entitled to resentencing because the trial court engaged in fact-finding contrary to *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). We disagree.

Both parties agree that this issue of significant constitutional magnitude was not preserved in the lower court; therefore, our review is for plain error affecting substantial rights. *People v Lockridge*, ___ Mich ___, ___; ____ NW2d ____ (2015) [Docket No. 149073], slip op at 30; *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999).

In *Lockridge*, our Supreme Court held that "the Legislature may not require judicial fact-finding that results in a mandatory increase in *either* the minimum or maximum sentence beyond the range set by the jury verdict;" accordingly, Michigan's sentencing guidelines scheme violates the Sixth Amendment. *Id.*, slip op at 16. "Stated differently, to the extent that OVs scored on the basis of facts not admitted by the defendant or necessarily found by the jury verdict increase the floor of the guidelines range, i.e., the defendant's 'mandatory minimum' sentence, that procedure violates the Sixth Amendment." *Id.*, slip op at 11.

In this case, as noted above, the lower court scored OV 14 at 10 points and OV 19 at 15 points. Even if we assumed that defendant did not admit, and the jury did not find, the facts the lower court used to score these OVs, defendant is not entitled to appellate relief under *Lockridge* where his sentence was the result of an upward departure from the sentencing guidelines recommended range. In *Lockridge*, our Supreme Court clearly stated:

> In cases such as this one that involve a minimum sentence that is an upward departure, a defendant necessarily cannot show plain error because the sentencing court has already clearly exercised its discretion to impose a *harsher* sentence than allowed by the guidelines and expressed its reasons for doing so on the record. It defies logic that the court in those circumstances would impose a lesser sentence had it been aware that the guidelines were merely advisory. Thus, we conclude that as a matter of law, a defendant receiving a sentence that is an upward departure cannot show prejudice and therefore cannot establish plain error. [*Id.*, slip op at 32 n 31 (Emphasis in original).]

The *Lockridge* Court repeated this directive elsewhere in its opinion, stating of the *Lockridge* defendant: "Because he received an upward departure sentence that did not rely on the minimum sentence range from the improperly scored guidelines (and indeed, the trial court necessarily had to state on the record its reasons for *departing* from that range), the defendant cannot show prejudice from any error in scoring the OVs in violation of *Alleyne*. See note 31 of this opinion." *Id.*, slip op at 31 (emphasis in original). In this case, because defendant received

an upward departure sentence, he is not able to establish plain error affecting his substantial rights and is not entitled to resentencing.

## II. EVIDENTIARY ISSUES

Defendant next argues that the trial court abused its discretion in allowing the testimony of Deputy Justin Brian Rose who testified during trial that defendant threatened Thomas's family. We disagree.

This Court has recognized that evidentiary issues fall within the category of nonconstitutional claims. *People v Herndon*, 246 Mich App 371, 402 n 71; 633 NW2d 376 (2001), citing *People v Lukity*, 460 Mich 484, 494-495; 596 NW2d 607 (1999). We review a trial court's decision to admit or exclude evidence for an abuse of discretion and will reverse only where there is a showing of a clear abuse of discretion. *People v McCray*, 245 Mich App 631, 634-635; 630 NW2d 633 (2001). With regard to claims of preserved, nonconstitutional error, MCL 769.26 "places the burden on the defendant to demonstrate that 'after an examination of the entire cause, it shall affirmatively appear that the error asserted has resulted in a miscarriage of justice.'" *Lukity*, 460 Mich at 495 (citation omitted).

Defendant argues that, although a defendant's threat to a witness can be admissible to show consciousness of guilt, such evidence is limited to cases where the threat was made directly and overtly to a witness. And in this case, defendant argues, there was no showing of a direct threat against Thomas. But, as explained by our Supreme Court in *People v Sholl*, 453 Mich 730, 740; 556 NW2d 851 (1996): "A defendant's threat against a witness is generally admissible. It is conduct that can demonstrate consciousness of guilt . . . [or] in some instances simply reflect the understandable exasperation of a person accused of a crime that the person did not commit. However, it is for the jury to determine the significance of a threat in conjunction with its consideration of the other testimony produced in the case." See also *People v Schaw*, 288 Mich App 231, 237-238; 791 NW2d 743 (2010).

Further, to the extent defendant claims that Deputy Rose's testimony about the threat was unduly prejudicial contrary to MRE 403, we disagree. Thomas had already testified about the occurrence and defense counsel vigorously cross-examined Thomas to bring forth evidence that the threat was made in the presence of uniformed officers in an effort to downplay the seriousness of the threat. Defense counsel also had the opportunity to put the same line of questioning to Deputy Rose in an effort to minimize the gravity of the incident. In summary, defendant has not met his burden of establishing outcome-determinative error with regard to this evidentiary challenge. See *Lukity*, 460 Mich at 495.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his counsel was constitutionally defective for failing to object to Thomas's testimony that defendant threatened him after his direct testimony. But, as discussed above, "[a] defendant's threat against a witness is generally admissible." *Sholl*, 453 Mich at 740. And defense counsel is not required to make meritless or frivolous objections. *People v Knapp*, 244 Mich App 361, 386; 624 NW2d 227 (2001).

Finally, defendant argues in his Standard 4 brief that his attorney was ineffective for failing to request a cautionary jury instruction regarding accomplice testimony. We disagree.

To establish an ineffective assistance of counsel claim, the defendant must prove that his attorney failed to meet an objective standard of reasonableness and a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014) (citation omitted).

In *People v Young*, 472 Mich 130, 135; 693 NW2d 801 (2005), our Supreme Court recognized that "the decision whether to give a cautionary accomplice instruction falls within the trial court's sound discretion." In this case, the record shows that the trial court gave a long and thorough instruction regarding accomplice testimony at the conclusion of the trial. That is, the jurors were properly instructed regarding accomplice testimony and jurors are presumed to follow the court's instructions. See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). Accordingly, defendant has failed to establish his ineffective assistance of counsel claim. See *Lopez*, 305 Mich App at 694.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad

-6-