CORRIGAN, J.
In People v McCoy, 392 Mich 231; 220 NW2d 456 (1974), this Court invented a new rule regarding cautionary instructions on accomplice testimony. That rule provided that the trial court’s failure to give a cautionary instruction upon a defense request requires reversal of a conviction. Moreover, reversal may be required even in the absence of a defense request if the issue of guilt is “closely drawn.” We reject the McCoy rule because it has no basis in Michigan law. Indeed, it contravenes long-standing authorities according discretion to trial courts in deciding whether to provide a cautionary instruction on accomplice testimony. Moreover, the McCoy rule is inconsistent with MCL 768.29, which provides that the failure to instruct on a point of law is not a ground for setting aside a verdict unless the instruction is requested by the accused, and MCR 2.516(C), which states that a party may assign as error the failure to give an instruction only if the party objects on the record before the jury retires to consider the verdict.
We further clarify that an unpreserved claim of failure to give a cautionary accomplice instruction may be reviewed only in the same manner as other unpreserved arguments on appeal. That is, appellate review is confined to the plain-error test set forth in People v Grant, 445 Mich 535; 520 NW2d 123 (1994), and People v Carines, 460 Mich 750; 597 NW2d 130 (1999). We therefore affirm the judgment of the Court of Appeals, *133 because it reached the correct result in affirming defendant’s convictions and sentences.
I. UNDERLYING FACTS AND PROCEDURAL HISTORY
Defendant shot and killed two people in an execution-style slaying while robbing a drug house in Detroit. Among other evidence of guilt, the prosecution presented testimony from two witnesses whom defendant now claims were his accomplices, Michael Martin and Eugene Lawrence.
Martin testified that defendant came to his house and asked him for a gun to rob someone. Martin had no gun. Defendant then spoke on the telephone to Martin’s brother-in-law, Lawrence. Martin did not hear their conversation. Martin then drove defendant to Lawrence’s house. After they arrived, defendant and Lawrence spoke in a back room away from Martin, who again could not hear their conversation.
Lawrence testified that during this conversation, defendant asked him for a gun because some men had threatened him. Defendant did not mention to Lawrence any plan to rob a drug house. Lawrence did furnish a gun to defendant. Martin and defendant then drove back to Martin’s home. Martin went inside his home while defendant walked off in the direction of a nearby drug house.
Defendant later telephoned Martin, stating that he was planning to rob a drug house. Martin hung up. Later that day, defendant visited Martin’s home and admitted that he had shot the two victims in the head. After defendant left, Martin contacted Lawrence. Martin and Lawrence then went to defendant’s home. Defendant told them that he was angry because he had killed the victims for only six rocks of crack cocaine. Defendant called an unknown person and directed him *134 to tell Martin where to find the gun. Defendant eventually directed Martin and Lawrence to a field near Martin’s home where Martin found the gun.
The police questioned Martin twice. During the second interview, he disclosed what had happened. The police then retrieved the murder weapon. Martin and Lawrence were never charged with a crime in connection with the murders.
In addition to the testimony of Martin and Lawrence, the prosecution presented other evidence of defendant’s guilt. One witness testified that defendant had also asked him for a gun. Another witness, Ronald Mathis, had seen defendant in the drug house just before the murders occurred. At that time, defendant offered to sell Mathis a gun. Mathis then left the premises. Upon his return approximately fifteen minutes later, Mathis discovered the victims’ bodies and noted that defendant was gone. Finally, a cigarette butt recovered at the murder scene contained deoxyribonucleic acid (DNA) material that matched defendant’s DNA.
Defendant was charged with several offenses, including first-degree murder, MCL 750.316. The jury convicted defendant of two counts of second-degree murder, MCL 750.317; one count of assault with intent to commit armed robbery, MCL 750.89; one count of possession of a firearm during the commission of a felony, MCL 750.227b; and one count of possession of a firearm by a person convicted of a felony, MCL 750.224f. Defendant was sentenced to concurrent terms of forty-five to seventy years’ imprisonment for the second-degree murder convictions, forty to sixty years’ imprisonment for the assault conviction, and two to five years’ imprisonment for the felon in possession of a firearm conviction. Those sentences are to be served consecutively to the two-year term of imprisonment for the felony-firearm conviction.
*135 The Court of Appeals affirmed defendant’s convictions.[1] It rejected defendant’s contention that the trial court had erred under McCoy in failing to sua sponte provide a cautionary instruction on accomplice testimony, concluding that: (1) this case did not present a closely drawn credibility contest, and (2) it was not clear that Martin and Lawrence were accomplices.
We granted defendant’s application for leave to appeal. 470 Mich 869 (2004), mod 471 Mich 862 (2004).
II. STANDARD OF REVIEW
Whether the McCoy rule has a basis in Michigan law and whether it is consistent with MCL 768.29 and MCR 2.516(C) are questions of law that we review de novo. Jenkins v Patel, 471 Mich 158, 162; 684 NW2d 346 (2004). Moreover, as discussed later in this opinion, the decision whether to give a cautionary accomplice instruction falls within the trial court’s sound discretion. MCL 768.29; People v Dumas, 161 Mich 45, 48-49; 125 NW 766 (1910); People v Wallin, 55 Mich 497, 505; 22 NW 15 (1885). We therefore review that decision for an abuse of discretion. Finally, where, as here, the defendant failed to preserve his claim, our review is confined to the plain-error framework set forth in Grant and Carines.
III. ANALYSIS
A. LEGAL BACKGROUND
In McCoy, this Court discussed dangers that inhere in accomplice testimony, including “ ‘the effect of fear, threats, hostility, motives, or hope of leniency.’ ” McCoy, *136 supra at 236, quoting 30 Am Jur 2d, Evidence, § 1148, p 323. The McCoy Court stated that in People v Jenness, 5 Mich 305, 330 (1858), this Court referred to a judge’s duty to comment, where warranted, on the nature of accomplice testimony. The McCoy Court acknowledged, however, that subsequent case law reflected that the trial court had discretion in deciding whether to provide a cautionary accomplice instruction. See Dumas, supra.
The McCoy Court also acknowledged that federal courts have not articulated a definitive rule regarding cautionary instructions on accomplice testimony. Indeed, the United States Supreme Court refused to reverse a conviction on the basis of a failure to give such an instruction in Caminetti v United States, 242 US 470, 495; 37 S Ct 192; 61 L Ed 442 (1917). The Caminetti Court stated that “there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them.” Id.
Despite these authorities, the McCoy Court invented a novel rule: “For cases tried after the publication of this opinion, it will be deemed reversible error ... to fail upon request to give a cautionary instruction concerning accomplice testimony and, if the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge.” McCoy, supra at 240.
Justice COLEMAN dissented in McCoy. She cited MCL 768.29, which provides: “The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused.” She also quoted the predecessor to MCR 2.516(C), GCR 1963, 516.2: “No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the *137 jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection.”
Justice COLEMAN noted that the articulation in Jenness of a duty to comment on accomplice testimony predated both the statute and the court rule. Moreover, Jenness “was not a rigorously applied precedent.” McCoy, supra at 248. For example, in Dumas, this Court stated:
It is the long settled rule in this State that the credibility of an accomplice, like that of any other witness, is a question exclusively for the jury. And while there have been intimations, rather than rulings, to the effect that it is proper, or is not improper, especially in cases where an accomplice is the sole witness upon a material point, for the trial court to direct the attention of the jury to the circumstance and invite the exercise of caution upon the part of the jury, we know of no decision of this court in which it is held or intimated that the failure of the court to indulge in voluntary comment is ground for reversal. [Dumas, supra at 48.]
The Dumas Court had also quoted from Wallin, supra, where the trial court had refused a defense request to instruct the jury regarding circumstances that tended to discredit a witness. Chief Justice COOLEY, writing for a unanimous Court in Wallin, rejected the defense argument:
“We repeat that instructions respecting the credibility of witnesses, which involve no question of law, are not matter of right. The judge is under no obligation to comment upon the facts; he may, if he chooses, confíne himself strictly to laying down such rules of law as must guide the action of the jury, and leave the facts to them without a word of comment. In many cases this is no doubt the desirable course. And it is always within the discretion of the judge to adopt it.” [Id. at 48-49, quoting Wallin, supra at 505.]
*138 Justice Coleman’s dissenting opinion in McCoy also noted that the Court of Appeals had rejected an argument for a cautionary accomplice instruction in People v Sawicki, 4 Mich App 467; 145 NW2d 236 (1966), in part because defense counsel on cross-examination had fully explored the circumstances of the accomplice’s testimony:
In a criminal case it is not only proper but it is the duty of counsel for defendant to place before the jury all circumstances surrounding the people’s witness upon the stand, as well as any fact which would have any reasonable tendency to affect their credibility. It is the function of the jury to decide first if the witness is interested, and second if the witness’ interest has affected the credibility of his testimony. The trial judge is not required to comment in his instruction concerning a witness’ interest since it bears upon the question of credibility which is reserved to the jury. [Id. at 475 (citations omitted).]
In light of these authorities, Justice COLEMAN concluded in McCoy that neither statute nor case law required the court to give a cautionary accomplice instruction in the absence of a request. Moreover, the failure to so instruct did not deny the defendant in McCoy a fair trial, because “the accomplice was thoroughly cross-examined and the jury fully aware of all facets of his involvement. The judge correctly instructed that the testimony of all witnesses should be considered as to motive, prejudice, bias or interest in the outcome.” McCoy, supra at 250.
This Court discussed the holding in McCoy in People v Reed, 453 Mich 685; 556 NW2d 858 (1996). In Reed, a codefendant testified in a joint trial, and the defendant argued on appeal that a cautionary accomplice instruction should have been given sua sponte. This Court rejected that argument because such an instruction would have prejudiced the codefendant.
*139 The Court in Reed also explained that McCoy does not require automatic reversal for failure to instruct sua sponte in a closely drawn case. Rather, McCoy says only that such a failure to instruct may require reversal. Before Reed, this Court had not established standards for determining when the failure to instruct sua sponte requires reversal. The Reed Court concluded that reversal was not required where the accomplice’s potential credibility problems have been plainly presented to the jury by other means, such as through defense counsel’s cross-examination of the alleged accomplice. Reed, supra at 693.
The Reed Court did not require reversal because the codefendant/accomplice’s credibility problems were plainly apparent to the jury. Defense counsel and the prosecutor had explored credibility problems during cross-examination. Moreover, the accomplice was not a prosecution witness, but was a codefendant, and thus was not the beneficiary of any favorable bargains from the prosecution.
In People v Gonzalez, 468 Mich 636; 664 NW2d 159 (2003), this Court questioned McCoy. We quoted MCL 768.29, which provides that “[t]he failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused,” and MCR 2.516(C), which states that “[a] party may assign as error the . .. failure to give an instruction only if the party objects on the record . . ..” We then stated:
In this case, defendant neither requested a cautionary accomplice instruction nor objected to the court’s failure to give one. Therefore, defendant is precluded from arguing that the omitted instruction was error. MCR 2.516(C). Furthermore, because he failed to request the omitted instruction, defendant is not entitled to have the verdict set aside. MCL 768.29. Consequently, defendant’s only re *140 maining avenue for relief is for review under People v Grant, 445 Mich 535; 520 NW2d 123 (1994).
Because defendant failed to object to the omitted instruction, defendant’s claim of error was forfeited. A forfeited, nonconstitutional error may not be considered by an appellate court unless the error was plain and it affected defendant’s substantial rights. Grant, supra at 552-553. [Gonzalez, supra at 642-643.]
We then concluded that no error occurred because there was no evidence that the alleged accomplice was involved in the crime, and because the cautionary accomplice instruction would have been inconsistent with the defense theory at trial. Because the defendant could not demonstrate an error, he could not establish a plain error that affected his substantial rights, and thus he was not entitled to relief for the forfeited claim under Grant.
B. ANALYSIS
The rule created in McCoy has no basis in Michigan law. The McCoy rule mandates reversal of convictions for failing to give a cautionary accomplice instruction upon request, and allows reversal for failing to give such an instruction sua sponte where the issue of guilt is “closely drawn.” But as Justice COLEMAN’s dissent in McCoy demonstrates, this Court’s decisions have historically accorded discretion to trial courts in deciding whether to provide a cautionary accomplice instruction. The mandatory rule invented in McCoy subverts this historical discretion.
Moreover, the discretion that this Court had, before McCoy, accorded to trial courts in this area is consistent with our statutory law. MCL 768.29 states: “The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the *141 evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require.” (Emphasis added.) The phrase “as in his opinion the interest of justice may require” vests discretion in the trial court to decide to what extent it is appropriate to comment on matters such as the credibility of witnesses. The McCoy Court failed to consider this provision of MCL 768.29.
Despite these authorities, the McCoy Court chose to invent an unfounded rule. Indeed, in People v Atkins, 397 Mich 163, 171; 243 NW2d 292 (1976), this Court acknowledged the lack of a historical basis for the McCoy rule: “[T]he McCoy rule under discussion was given prospective application for the reason that it went beyond long-established Michigan precedent to the effect that special instructions regarding credibility was [sic] a matter within the sound discretion of the trial court.”
Further, the first portion of the McCoy rule, i.e., that reversal is automatically required when the court fails to give an instruction upon request, conflicts with MCL 769.26. That provision states:
No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.
As we explained in People v Lukity, 460 Mich 484; 596 NW2d 607 (1999), in light of MCL 769.26, a defendant on appeal must demonstrate that a preserved nonconstitutional error was not harmless by persuading the reviewing court that it is more probable than not that *142 the error áffected the outcome of the proceedings. “An error is deemed to have been ‘outcome determinative’ if it undermined the reliability of the verdict.” People v Elston, 462 Mich 751, 766; 614 NW2d 595 (2000). See also People v Rodriguez, 463 Mich 466, 474; 620 NW2d 13 (2000). The McCoy mandate of automatic reversal for failing to give a cautionary accomplice instruction upon request plainly contradicts MCL 769.26. Accordingly, we reject the automatic-reversal portion of the rule.
Next, the portion of the McCoy rule permitting reversal in the absence of a defense request if the issue of guilt is “closely drawn” contradicts MCL 768.29, which states that “[t]he failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused,” and MCR 2.516(C), which says that “[a] party may assign as error the. . . failure to give an instruction only if the party objects on the record ....” As we explained in Gonzalez, an appellate court’s review of unpreserved claims is governed by MCL 768.29 and MCR 2.516(C).
This Court in Reed correctly observed that McCoy does not by its own terms require automatic reversal for failure to instruct sua sponte where the issue of credibility is closely drawn. The McCoy Court said that reversal may be required in the absence of a request, not that reversal is automatic. The central flaw in this aspect of the McCoy rule, however, is that it authorizes reversal without regard to the plain-error analysis required by Grant and Carines, by focusing solely on whether the issue of guilt is closely drawn. As this Court explained in Reed, potential credibility problems in a closely drawn case may become plainly apparent to a jury in the absence of a cautionary instruction.
*143 Fundamentally, it is the province of the jury to assess the credibility of witnesses. In making that assessment, the jury should decide whether witnesses harbor any bias or prejudice. Dumas, supra; Wallin, supra; Sawicki, supra. And it is the role of defense counsel, through cross-examination of prosecution witnesses and closing argument, to expose potential credibility problems for the jury to consider. Id. The McCoy “closely drawn” rule fails adequately to take account of these central components of our system of trial by jury.
For these reasons, we hold that, as with all unpreserved claims of error, an unpreserved claim that the court failed to give a cautionary accomplice instruction may be reviewed only for plain error that affects substantial rights. An appellate court must follow the Grant/Carines plain-error analysis, and only when the defendant satisfies that test is reversal ever appropriate. We discern no basis for treating this one category of unpreserved claim any differently from other categories of alleged error that a defendant has failed to preserve.
Moreover, in considering whether a plain error exists, a reviewing court should be mindful of the discretion historically accorded to trial courts in deciding whether to give a cautionary accomplice instruction. Dumas, supra; Wallin, supra.
Finally, applying the plain-error test to this case, we conclude that defendant has not met his appellate burden. A cautionary accomplice instruction was not clearly or obviously required in this case. As the Court of Appeals noted, it is not clear that Martin and Lawrence were accomplices in any event. Moreover, the prosecution presented evidence of guilt beyond the testimony of the alleged accomplices, including testimony from other witnesses and physical evidence that defendant was at the murder scene. Further, defense *144 counsel thoroughly cross-examined Martin and Lawrence and challenged their testimony during closing argument, thereby exposing their potential credibility problems to the jury. The court also instructed the jury to consider any bias, prejudice, or personal interest that a witness might have. For these reasons, defendant has not demonstrated a plain error that affected his substantial rights.
IV CONCLUSION
We conclude that the McCoy rule has no basis in Michigan law and is inconsistent with MCL 769.26, MCL 768.29, and MCR 2.516(C). A trial court has discretion in deciding whether to give a cautionary accomplice instruction. Also, an unpreserved claim that the court failed to give a cautionary accomplice instruction may be reviewed only for plain error, under the framework set forth in Grant and Carines. Accordingly, we overrule McCoy and affirm the judgment of the Court of Appeals.
Taylor, C.J., and Weaver, Young, and Markman, JJ., concurred with CORRIGAN, J.

 Unpublished opinion per curiam, issued September 25, 2003 (Docket No. 240832).