# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROBERT JASON TURNER,

      Defendant-Appellant.

UNPUBLISHED
October 16, 2014

No. 317095
Delta Circuit Court
LC No. 12-008695-FC

---

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Robert Jason Turner, appeals by right his jury convictions of one count of first-degree criminal sexual conduct (CSC I) involving a victim who is at least 13, but under 16, and related, MCL 750.520b(1)(b), two counts of CSC I involving a victim under age 13, MCL 750.520b(1)(a), and one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a). The trial court sentenced Turner to serve 15 to 40 years in prison for the CSC I conviction involving a related person, to serve 25 to 40 years in prison for each of the remaining CSC I convictions, and to serve 71 months to 15 years in prison for his CSC II conviction. Because there were no errors warranting relief, we affirm.

Turner's convictions arise from testimony and evidence establishing that he sexually assaulted his daughter over a period of years from around age five.

Turner first argues the trial court erred when it determined that Turner could not present evidence that his daughter had a sexual relationship with an older man, Brandon Cole, under Michigan's rape shield statute, MCL 750.520j. Turner maintains that this error violated his right to confront the witnesses against him; specifically, it was his position that his daughter's relationship with Cole demonstrated that she had a bias to fabricate the charges against him because he disapproved of the relationship.

This Court reviews a trial court's evidentiary decisions for an abuse of discretion. *People v Adair*, 452 Mich 473, 485; 550 NW2d 505 (1996). A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). We review de novo whether the trial court's evidentiary decision denied a defendant's right to confront the witnesses against him or her. *People v Fackelman*, 489 Mich 515, 524; 802 NW2d 552 (2011).

-1-

Michigan's rape shield statute, MCL 750.520j, represents a legislative determination that, in most cases, evidence of a victim's sexual history is irrelevant. See *People v Arenda*, 416 Mich 1, 10; 330 NW2d 814 (1982). The statute provides two narrow exceptions, which are not at issue here. Nevertheless, our Supreme Court has recognized that in certain limited situations such evidence may be relevant and its admission may be required to preserve a defendant's Sixth Amendment right to confrontation. *People v Hackett*, 421 Mich 338, 348; 365 NW2d 120 (1984). The evidence may be admissible to show the victim's bias, ulterior motive for making a false charge, or showing that the victim has made false accusations of rape in the past. *Id.* "[W]hile the discovery of any witness' bias is unquestionably relevant, the Sixth Amendment does not prohibit a trial court from limiting the means by which a witness' bias is determined on cross-examination." *People v LaLone*, 432 Mich 103, 128; 437 NW2d 611 (1989) (opinion by Archer, J.). "[T]he Confrontation Clause 'guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' " *People v Ho*, 231 Mich App 178, 189-190; 585 NW2d 357 (1988) (citation omitted).

When considering the admissibility of such evidence, the trial court must consider the legislative purposes underlying the rape shield statute, which strongly favors excluding evidence of the victim's sexual history, if the exclusion would not unconstitutionally impair the defendant's right to confrontation. *Hackett*, 421 Mich at 348. A defendant's Sixth Amendment right to confrontation must bend to accommodate other legitimate interests in the criminal trial process. *Michigan v Lucas*, 500 US 145, 149; 111 S Ct 1743; 114 LEd2d 205 (1991). The rape shield statute illustrates the legislative determination that in most instances evidence of victim's past sexual conduct with others when offered for impeachment purposes is inadmissible. *Hackett*, 421 Mich at 347-348.

Here, the trial court properly determined that the evidence concerning the victim's sexual conduct with Cole was inadmissible. Because the victim's conduct with Cole occurred after she reported the events at issue here, that conduct could not have played a role in her decision to report the abuse. For the same reason, that sexual activity could not have affected the medical testimony that the victim's examination was consistent with having been sexually penetrated. Moreover, to the extent Turner implies that his daughter must have been engaging in sexual activity with Cole prior to her report, there is no evidence to support that contention. Accordingly, the evidence that the victim had engaged in sexual conduct with Cole after her report was irrelevant and inadmissible. MRE 402; MCL 750.520j(1).

Further, the trial court's decision to exclude the evidence did not violate Turner's right to confront the victim. The trial court allowed Turner to present significant evidence of the victim's relationship with Cole, the victim's age in relation to Cole's age, Turner's disapproval of the relationship, and the victim's anger at being prohibited from seeing Cole and being punished for doing so. This case is analogous to *LaLone*, 432 Mich at 130, where our Supreme Court stated that, despite the exclusion of the complainant's sexual history, "the defendant was able to introduce compelling nonsexual evidence of the complainant's bias and motive to fabricate." *Id.* at 130-131 (opinion by Archer, J.).

The trial court correctly determined that the evidence of the victim's sexual conduct was not relevant for the purpose proffered by Turner, while still protecting Turner's right to present evidence that the victim had a motive to fabricate her allegations on the basis of acts occurring before she made her report. Consequently, the trial court's decision to exclude the evidence fell within the range of reasonable outcomes and did not violate Turner's right to confront the victim. *Babcock*, 469 Mich at 269; *Fackelman*, 489 Mich at 524.

Next, Turner argues the trial court erred when it allowed the prosecutor to present testimony that Turner had engaged in sexual contact with several other young girls who stayed over at his home. This testimony, he maintains, was irrelevant, amounted to improper prior acts testimony, and violated his right to due process. This Court reviews for an abuse of discretion a trial court's decision to admit or exclude evidence. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). However, to the extent this claim is unpreserved, we shall review it for plain error affecting substantial rights. *People v Young*, 472 Mich 130, 143; 693 NW2d 801 (2005). Generally, "[c]onstitutional questions and issues of statutory interpretation are questions of law, which this Court reviews de novo." *People v Watkins*, 491 Mich 450, 466-467; 818 NW2d 296 (2012).

Relevant evidence is any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. MRE 404(b)(1) limits the admission of prior acts evidence, even though relevant, in order to show action in conformity with bad character. Notwithstanding that rule, our Legislature has determined that, "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a. And our Supreme Court has held that the Legislature's decision to allow such evidence is not unconstitutional. See *Watkins*, 491 Mich at 455.

As this Court has explained, "our cases have never suggested that a defendant's criminal history and propensity for committing a particular type of crime is irrelevant to a similar charge." *People v Pattison*, 276 Mich App 613, 620-21; 741 NW2d 558 (2007).

> Quite the opposite, [our Courts have] long recognized that a defendant's character and propensity to commit the charged offense is highly relevant because an individual with a substantial criminal history is more likely to have committed a crime than is an individual free of past criminal activity. Indeed, it is because of the human instinct to focus exclusively on the relevance of such evidence that the judiciary has traditionally limited its presentation to juries. Thus, the language in MCL 768.27a allowing admission of another listed offense for its bearing on any matter to which it is relevant permits the use of evidence to show a defendant's character and propensity to commit the charged crime, precisely that which MRE 404(b) precludes. [*Watkins*, 491 Mich at 470 (citations and quotation marks omitted).]

It is, therefore, clear that the testimony by the four young girls was relevant and admissible to show that Turner had a propensity to sexually assault underage girls. The length of time since the acts occurred and the fact that three of the four girls came forward after the charges were filed goes to the weight of the evidence, not its admissibility. The testimony was relevant and admissible under MCL 768.27a and MRE 402.

The trial court also did not err to the extent that it failed to exclude the evidence under MRE 403. Under that rule, a trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403. Courts, however, "must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 456. There is nothing on the record to indicate, nor does Turner suggest, any reason why the probative value of the other-acts testimony was substantially outweighed by the danger of unfair prejudice. The evidence was substantially similar to the allegations at issue. Each witness testified Turner sexually assaulted them in a similar manner when the young girls spent the night at his home. Because the evidence was highly probative of Turner's propensity and method of acting, the testimony was not precluded under MRE 403.

The trial court did not err when it permitted the other acts testimony.

There were no errors warranting relief.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly