*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHAD STEPHEN FISHER,

        Defendant-Appellant.

UNPUBLISHED
July 23, 2019

No. 343309
Jackson Circuit Court
LC No. 17-005127-FH

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

Defendant, Chad Fisher, appeals his jury-trial conviction of assault with a dangerous weapon, MCL 750.82. The trial court sentenced Fisher to 28 to 96 months' imprisonment. We affirm.

Fisher's criminal charges arise out of a fistfight that took place in June 2017, which ended after Fisher pulled out a pocket knife. While on their route, two garbage collection workers, Jacob Fagan and Kevin Boltz, observed Fisher and his girlfriend, Cari Zaszczurynski, arguing in a nearby parking lot. Fagan testified that he saw Zaszczurynski kneel down to pick up a bag off the ground that was in front of Fisher, and he "knee'd her" to the ground. Boltz also testified that he saw Fisher "strike [Zaszczurynski] in the head with his knee." Both men testified that they ran over to Zaszczurynski to "see if she was all right." Fagan claimed that Fisher "hit" him "right in the top of the head." Fagan explained that Fisher "hit me, I hit him," then Boltz "broke it up." The men then saw that Fisher was holding a pocket knife and, not wanting the situation to escalate further, the two men walked back to their truck. Fisher retreated to his nearby apartment. Fagan called the police to report the assault, and Fisher was arrested at the scene. Fisher told the police that he never touched Zaszczurynski, but he admitted there was a pocket knife in his bag. Zaszczurynski also told police that Fisher had not hit her.

The responding officer, Sergeant Jay Niles of the Columbia Township Police Department, testified at the trial and stated that he had conducted thousands of domestic violence interviews. The prosecutor asked him whether he had ever "come across instances where someone who's a victim of domestic violence change[d] their story and denie[d] that it didn't

happen?" Sergeant Niles began to explain the sociological influences on domestic violence, but defense counsel quickly objected to his answer because it was based on "sociological studies" rather than the officer's specific experience. The trial court sustained the objection and stated that Sergeant Niles could only answer on the basis of his experience. Sergeant Niles then said that Zaszczurynski "was suffering from a classic case of battered woman syndrome." Defense counsel again objected, stating that "[Sergeant Niles] doesn't have a basis for that" because he was not an expert in the field of domestic violence. The trial court again sustained the objection, stating that the testimony went beyond his experience and instructed the jury to "disregard that." Sergeant Niles was instructed to limit his testimony to the dynamics that he had actually observed. On cross-examination, defense counsel elicited testimony from Sergeant Niles, which clarified his testimony and confirmed that Zaszczurynski never "changed her story," but instead consistently maintained that Fisher did not assault her. The jury found Fisher guilty of felonious assault.

Fisher first argues on appeal that he was denied a fair trial because the jury was not properly instructed. We decline to review this issue.

> This Court has defined waiver as the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver. [*People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citations omitted).]

The Michigan Supreme Court concluded in *Kowalski*, 489 Mich at 504, that "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review."

In this case, defense counsel reviewed the jury instructions prepared by the trial court and agreed that they were correct. Additionally, after the trial court instructed the jury, the parties were asked whether they had any objection to the jury instructions as read. Defense counsel replied, "No, your Honor." Defense counsel expressly affirmed the jury instructions that were provided by the trial court, and as a result, defendant's claims of instructional error are waived. See *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002) (holding that defense counsel waived any instructional error when counsel stated, "No, your honor," in response to the trial court's question whether there were any objections to the jury instructions as read); see also *People v Ortiz*, 249 Mich App 297, 311; 642 NW2d 417 (2001) ("Defendant affirmatively waived any errors when he specifically indicated to the trial court that he had no objections to the instructions *as given*."). Therefore, we decline to review this issue. See *Ortiz*, 249 Mich App at 311 ("Because any objections were waived, there are no errors to review.").

Fisher also argues that the prosecutor mischaracterized the requirements of a self-defense claim in his closing argument. In light of Fisher's failure to properly present this argument, we deem it abandoned. See *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004) (stating that the appellant may not merely announce his position with little or no citation of supporting authority and that "[s]uch cursory treatment constitutes abandonment of the issue");

see also MCR 7.212(C)(7) ("As to each issue, the argument must include a statement of the applicable standard or standards of review and supporting authorities[.]"). Even if we were to review this claim, it fails because the trial court instructed the jury that "[i]f a lawyer says something different about the law, follow what I say." Thus, even if the prosecutor mischaracterized the self-defense instruction, this was cured by the trial court's proper reading of the self-defense instruction. "Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

Furthermore, Fisher's ineffective assistance argument based on defense counsel's failure to object to the instructions or the prosecutor's closing argument is not properly presented for review because it is not within the scope of the questions presented. See *People v Miller*, 238 Mich App 168, 172; 604 NW2d 781 (1999) (refusing to consider argument outside scope of statement of questions presented). In particular, Fisher's Statement of the Issues correlating with the present issue refers only to a properly instructed jury, not to any claim of ineffective assistance of counsel. Therefore, we decline to consider this argument. See *id*.

Fisher also argues that Sergeant Niles's testimony regarding battered woman syndrome biased the jury such that Fisher did not receive a fair trial. We disagree.

Fisher failed to preserve this issue, and therefore, we review for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). As to unpreserved, nonconstitutional issues, the defendant bears the burden of establishing that the error occurred, that it was plain, and that it affected substantial rights. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). Further, the defendant must show that he was actually innocent and the error resulted in his conviction, or he must show that he was prejudiced because the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *Carines*, 460 Mich at 763. Error justifies reversal if it is "more probable than not that the error affected the outcome of the proceedings." *People v Young*, 472 Mich 130, 141-142; 693 NW2d 801 (2005). It is presumed that jurors follow their instructions. *Mahone*, 294 Mich App at 212.

In *People v Tutha*, 276 Mich 387, 393; 267 NW 867 (1936), our Supreme Court stated:

> A voluntary and irresponsive answer to a proper question is not error.

> When a witness for any reason gives an irresponsive answer and which is not competent evidence, and the answer is suppressed at once, the case must be a very peculiar and very strong one which would justify a reversal for such fault or mistake of the witness.

> A witness cannot put error into a case by an unauthorized remark, neither called out by a question nor sanctioned by the judge; and if what he does or says improperly is likely to do much mischief, it is presumed the judge will apply the proper corrective in his instructions if requested to do so. [Quotation marks and citations omitted.]

-3-

In this case, the prosecutor asked Sergeant Niles a proper question—whether he had come across victims who had denied they were abused or changed their stories when questioned about their abuse. Sergeant Niles began to answer the question and relate the sociological influences as to why victims of domestic violence might change their stories. Defense counsel objected, and the trial court sustained the objection and instructed the jury to disregard the testimony. When questioned further, Sergeant Niles testified that he believed Zaszczurynski was suffering from battered woman syndrome. Again, defense counsel objected, and the trial court sustained the objection and instructed the jury to disregard the testimony. Jurors are presumed to follow their instructions, but in the case of police officers, we must scrutinize the statement to ensure that "the officer has not ventured into forbidden areas which may prejudice the defense." *People v Holly*, 129 Mich App 405, 415; 341 NW2d 823 (1983). The prosecutor's questioning was meant to elicit testimony related to Sergeant Niles's own experience—not based on his knowledge of any specialized area that would require specific education and training. However, Sergeant Niles's answer was nonresponsive to the question. With that said, we do not detect plain error affecting Fisher's substantial rights that would require a retrial.

There was overwhelming testimony from four other witnesses about exactly what happened that morning, and it was for the jurors to decide who and what to believe. Of note, Zaszczurynski testified that Fisher did not hit her, and the jury was able to assess her credibility in response to Sergeant Niles's irresponsive answer. This case is not "a very peculiar and very strong one which would justify a reversal," *Tutha*, 276 Mich at 393 (emphasis omitted), and Sergeant Niles's testimony was not so prejudicial that it affected the outcome of the trial, see *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009). Fisher's right to a fair trial was not impaired, and he is not entitled to relief.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron