*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 17, 2021

v

ERIC LEE VANZANT,

Defendant-Appellant.

No. 351243
Newaygo Circuit Court
LC No. 19-012074-FH

Before: BOONSTRA, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of resisting a police officer, MCL 750.81d. The trial court sentenced defendant to serve 210 days in jail and imposed a fine of $100, along with various costs including a $60 DNA assessment fee. We affirm defendant's conviction but remand to the trial court for the ministerial task of elimination of any requirement that defendant pay a $60 DNA assessment fee.

On December 26, 2018, Deputies David Isreal, Juan Gonzales, and Hunter Niederer went to defendant's house to arrest him based upon an outstanding warrant. Deputy Isreal informed defendant through the door that he had a warrant to take him into custody, and repeatedly asked him to come to the door. He did not come to the door but, according to the officers, defendant eventually told them that the door was open, and they entered the home. Deputy Isreal instructed defendant to put his hands behind his back, but, according to the officers, defendant shoved Deputy Isreal into Deputy Gonzalez. Defendant continued to physically resist the officers, but they were eventually able to handcuff him and forcefully place him in one of the patrol cars. Defendant was charged with and convicted of one count of resisting a police officer. This appeal followed.

## I. INSTRUCTIONS

Defendant first argues that the trial court plainly erred by improperly instructing the jury with regard to resisting a police officer, and/or that his trial counsel provided ineffective assistance by approving the instructions. We disagree.

Unpreserved instructional issues are reviewed for plain error affecting substantial rights. *People v Young*, 472 Mich. 130, 135; 693 NW2d 801 (2005). Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An unpreserved claim of ineffective assistance of counsel is reviewed for errors apparent on the record. *People v Unger* (*On Remand*), 278 Mich App 210, 253; 749 NW2d 272 (2008). The constitutional question whether an attorney provided ineffective assistance, depriving a defendant of his right to counsel, is reviewed de novo. *Id*. at 242.

A defendant has the right to "a properly instructed jury." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "The trial court is required to instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id*. Jury instructions are reviewed "in their entirety to determine if there is error requiring reversal." *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997). "Jury instructions must not exclude consideration of material issues, defenses, and theories for which there is supporting evidence." *People v Kurr*, 253 Mich App 317, 328; 654 NW2d 651 (2002). See also *People v McKinney*, 258 Mich App 157, 162-163; 670 NW2d 254 (2003). There is no error where the instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *McFall*, 224 Mich App at 412-413.

To convict a defendant of resisting and obstructing a police officer, the prosecution must prove that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties," and that "the officers' actions were lawful." *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (quotation marks and citation omitted). In this case, the trial court's instructions for resisting a police officer were consistent with the law and properly instructed the jury regarding the elements of the offense.

Defendant, however, argues that the trial court erred by not informing the jury what constitutes a lawful arrest. "[T]he lawfulness of the arrest" is an element of resisting a police officer and is "a factual question for the jury." *Vandenberg*, 307 Mich App at 68-69. "[T]he right to resist unlawful arrests, and other unlawful invasions of private rights, is well established in our state's common law." *People v Moreno*, 491 Mich 38, 46-47; 814 NW2d 624 (2012). M Crim JI 13.5 provides, in pertinent part, as follows:

> (1) An arrest is legal if it is made by an officer relying on an arrest warrant for the defendant issued by a court.

* * *

> (5) The prosecutor must prove beyond a reasonable doubt that the [arrest was legal / the (officer / (state authorized person) was acting within (his / her) legal authority]. It is up to you to determine whether the [officer's / (state authorized person)'s] actions were legal according to the law as I have just described it to you.

Defendant's position is that the police entered the closed door to his home without permission and were overly aggressive in arresting him. Defendant also emphasized that he believed that the police were required to display the arrest warrant. Because the lawfulness of an arrest is an element of the charged crime that the prosecutor must prove, and defendant suggested that the police officers' misconduct provoked his responses, the definition of "lawful arrest" was relevant to both the elements of the crime and the defense and so should have been provided by the trial court.

However, the omission of such instructional detail was not plain error because it did not deprive defendant of a fair trial or affect the outcome of it. "[I]f an applicable instruction was not given, the defendant bears the burden of establishing that the trial court's failure to give the requested instruction resulted in a miscarriage of justice." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). As noted, the omitted parts of M Crim JI 13.5 stated that a lawful arrest required only that the arresting officer rely on "an arrest warrant for the defendant issued by a court." As defendant conceded in closing argument, there was a valid warrant for defendant's arrest issued earlier on the day of defendant's arrest, which was admitted into evidence during the testimony of Deputy Gonzalez. Defendant, Deputy Gonzalez, and Deputy Isreal all testified that the officers advised defendant that they had a warrant for his arrest  The trial court informed the jury that it had spoken to the parties and determined that there was no requirement to show defendant an arrest warrant, and there was no evidence that the warrant was invalid. Further, even imperfect instructions do not require reversal if they fairly presented the issues to be tried and sufficiently protected the defendant's rights. *McFall*, 224 Mich App at 412-413. Because defendant did not request the elaboration concerning the lawfulness of an arrest, did not challenge the legality of the arrest, and agreed with the jury instructions as given, and because the given instructions required the jury to determine whether the officers' acted lawfully, defendant has not demonstrated that the challenged instruction was plain error.

Defendant also argues that his trial counsel provided ineffective assistance by failing to request additional instruction on the lawfulness of an arrest. A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. This "right to counsel encompasses the right to the effective assistance of counsel." *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). The "effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient" and (2) "that counsel's deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007) (quotation marks and citation omitted). An attorney's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, "the result of the proceeding would have been different." *Id.*

In this case, a request for the instruction about the definition of legal police conduct would properly have been approved because it was appropriate for the circumstances of the crime and the defense. But, it could have been trial strategy to not request the instruction that defines the legality of police conduct broadly when defendant sought to essentially assert that the police were responsible for the conflict. The additional instruction would thus not likely have made a

difference in the outcome of the case and might even have made it easier for the jury to convict defendant. Thus, defendant's trial counsel was not deficient for failing to request the additional instruction.

## II. CURATIVE INSTRUCTIONS

Defendant next argues that the trial court twice plainly erred by failing to give curative instructions immediately after Deputy Isreal provided prejudicial hearsay testimony, and that his trial counsel was ineffective for failing to request such instructions. We disagree.

During direct examination, the prosecutor asked Deputy Isreal whether he spoke with defendant's daughter, and he replied that he "basically apologized for her being frightened and she made mention that, you know, she knows her dad . . . hates police." Defense counsel objected that the testimony was hearsay, and the trial court sustained the objection. Then, when questioning Deputy Isreal on rebuttal, the prosecutor asked him why he had returned to defendant's home days after the incident, and Isreal explained that he was contacted by Child Protective Services, which was investigating "a violent incident" involving defendant and his son. Defense counsel objected that the testimony was irrelevant and prejudicial. The trial court sustained the objection.

Evidence that goes beyond the merits of the case to inject issues broader than the defendant's guilt or innocence, such as "bias, sympathy, anger, or shock" is unfairly prejudicial. *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595(2005). The statements of which defendant makes issue were, in fact, effectively excluded from evidence. Defendant argues that, despite the sustained objections, the jury actually heard the statements and thus could have based its guilty verdict on their depiction of defendant as angry and violent, in contrast to his testimony that the officers were the aggressors.

However, during jury instructions at the close of proofs, the trial court informed the jury as follows:

> At times during the trial, I've excluded evidence that was offered or stricken testimony that was heard. Do not consider those things in deciding this case. Make your decision only on the evidence that I let in and nothing else. Your decision should be based on all the evidence, regardless of what party produced it.
>
> . . . To repeat once more, you must decide this case only on the evidence admitted during this trial.

"Jurors are presumed to follow instructions, and instructions are presumed to cure most errors." *People v Petri*, 279 Mich App 407, 414; 760 NW2d 882 (2008). Not only did the trial court openly sustain the defense objections to Deputy Isreal's inadmissible statements, it admonished the jury not to consider excluded evidence. The trial court thus acted proactively to steer the jury away from considering the challenged statements.

Defendant argues that his trial counsel provided ineffective assistance by failing to request curative instructions immediately following Deputy Isreal's inadmissible statements, which requests the trial court presumably would have granted. However, it can be valid trial strategy to decline to request a curative instruction in order to avoid highlighting the objectionable testimony.

-4-

*People v Coddington*, 188 Mich App 584, 608; 470 NW2d 478 (1991). Because defense counsel may have had that strategic purpose for confining his immediate display of disapproval regarding the improper testimony to raising sustained objections, defendant has failed to overcome the presumption of sound strategy in this instance, and this Court will not second-guess trial counsel's strategy. *Id.*

## DNA ASSESSMENT FEE

Defendant lastly argues that the trial court erred by ordering defendant to pay a fee for his DNA collection. The trial court did not verbally address this fee at sentencing, but the initial judgment of sentence lists among the various financial obligations imposed "$60 DNA ASSESSMENT FEE 2015." However, the judgment of sentence elsewhere states, "A DNA sample is already on file with the Michigan State Police from a previous case. No assessment is required." See MCL 28.176(3). Thereafter, on October 6, 2020, the trial court entered an amended judgment of sentence that removed the DNA assessment fee. On the same date, however, the trial court entered an additional order requiring defendant to provide a DNA sample. It is thus not clear whether defendant is or will still be required to pay a DNA processing fee.

However, because the trial court did not state on the record that defendant had to pay a DNA processing fee, and the first judgment of sentence indicates that no assessment is required because defendant's DNA sample is already on file (and apparently has been since 2015), we agree with defendant that his judgment of sentence should not include a $60 DNA assessment fee. We therefore remand this case to the trial court with instructions to correct/clarify in the amended judgment of sentence that defendant is not required to pay the $60 DNA assessment fee.

Remanded for elimination of any requirement that defendant pay a DNA assessment fee, but otherwise affirmed. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Deborah A. Servitto