*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 23, 2023

Plaintiff-Appellee,

v

No. 360218
Kalamazoo Circuit Court
LC No. 2021-000324-FH

DOUGLAS FONTANE PARKER,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of one count of possession of a controlled substance less than 25 grams; two counts of felon in possession of a firearm (felon-in-possession); two counts of resisting and obstructing; one count of carrying a concealed weapon; and four counts of carrying a firearm during the commission of a felony (felony-firearm). The trial court sentenced defendant as a fourth-offense habitual offender to 2 to 15 years for possession of a controlled substance less than 25 grams; two years for each count of felony-firearm; and 1 to 15 years for each remaining charge. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Police received a tip that a white Toyota was involved in transporting illegal drugs and that occupants of the vehicle were armed. On the basis of the tip, officers found the vehicle, registered to an individual named Mya Oisten, and pulled it over. The driver, Oisten, got out of the vehicle and was placed in handcuffs. Officers approached the passenger side of the vehicle and saw defendant make furtive gestures and bend toward the center console of the vehicle as if to hide an object. After being removed from the vehicle, officers observed a gun on the passenger seat where defendant had just been. Officers also found 2.04 grams of crack cocaine in defendant's possession and a plastic grocery bag in the back seat containing defendant's identification, a digital scale, packaging materials, and marijuana. Defendant claimed the cocaine was for personal use and denied knowing the gun was in the car.

At trial, Oisten testified that she drove with defendant for several hours on the day they were pulled over. She stated that earlier in the day, she saw defendant place a gun on his leg before

-1-

she reentered her car. She also testified that she knew that both marijuana and cocaine were in her car and that defendant intended to sell the drugs. Defendant was convicted and sentenced as noted above.

This appeal followed.

## I. JURY INSTRUCTION

In his first argument on appeal, defendant contends that he is entitled to a new trial because the trial court abused its discretion when it failed, sua sponte, to give a cautionary instruction regarding accomplice credibility under M Crim JI 5.5 and M Crim JI 5.6. We disagree.

## A. STANDARD OF REVIEW

Generally, this Court reviews for an abuse of discretion a trial court's decision whether to give a cautionary accomplice instruction. *People v Young*, 472 Mich 130, 137; 693 NW2d 801 (2005). However, because defendant waived the issue when defense counsel approved the trial court's jury instructions,[1] this Court reviews the issue for plain error affecting substantial rights. See *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). To show plain error, the defendant must establish "that (1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *People v Carines*, 460 Mich 750, 761; 597 NW2d 130 (1999).

## B. ANALYSIS

Criminal defendants have "the right to have a properly instructed jury consider the evidence" against them. *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995), see also US Const, Ams VI, XIV; Const 1963, art 1, § 20. "However, a trial court is not required to present an instruction of the defendant's theory to the jury unless the defendant makes such a request." *Mills*, 450 Mich at 80-81. And even in circumstances where the defendant makes a request, the trial court is not obligated to give the instruction if "the theory is not supported by evidence." *Id*. at 81.

An accomplice is a "person who knowingly and willingly helps or cooperates with someone else in committing a crime . . . ." *People v Heikkinen*, 250 Mich App 322, 325 n 1; 646 NW2d 190 (2002) (quotation marks and citation omitted). The cautionary instruction related to accomplice credibility under M Crim JI 5.5 and M Crim JI 5.6 states, in relevant part:

**M Crim JI 5.5:**

(1) Before you may consider what [name witness] said in court, you must decide whether [he/she] took part in the crime the defendant is charged with

---

[1] Defense counsel waived review of this issue when he approved the instructions read by the trial court. See *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002) (stating that if a defendant "expressly approv[es] the instructions, defendant has waived this issue on appeal.").

committing. [Name witness] has not admitted taking part in the crime, but there is evidence that could lead you to think that [he/she] did.

(2) A person who knowingly and willingly helps or cooperates with someone else in committing a crime is called an accomplice.

(3) When you think about [name witness ]'s testimony, first decide if [he/she] was an accomplice. If, after thinking about all the evidence, you decide that [he/she] did not take part in this crime, judge [his/her] testimony as you judge that of any other witness. But, if you decide that [name witness] was an accomplice, then you must consider [his/her] testimony in the following way:

**M Crim JI 5.6:**

(1) You should examine an accomplice's testimony closely and be very careful about accepting it.

(2) You may think about whether the accomplice's testimony is supported by other evidence, because then it may be more reliable. However, there is nothing wrong with the prosecutor's using an accomplice as a witness. You may convict the defendant based only on an accomplice's testimony if you believe the testimony and it proves the defendant's guilt beyond a reasonable doubt.

(3) When you decide whether you believe an accomplice, consider the following:

(a) Was the accomplice's testimony falsely slanted to make the defendant seem guilty because of the accomplice's own interests, biases, or for some other reason?

\* \* \*

(4) In general, you should consider an accomplice's testimony more cautiously than you would that of an ordinary witness. You should be sure you have examined it closely before you base a conviction on it.

Oisten was never charged in relation to this case nor was there evidence that Oisten was offered a deal in exchange for her testimony. However, the evidence presented at trial demonstrated that Oisten drove with defendant in the passenger seat for several hours that evening. Oisten also testified that she was aware that defendant possessed a gun and that she knew he had both crack cocaine and marijuana in the car to sell. This testimony could have led the jury to infer that Oisten was actively assisting defendant by driving him to drug sales and was, therefore, an accomplice to the crimes. See *Heikkinen*, 250 Mich App at 325 n 1.

The primary purpose of the cautionary instruction is "to raise the jury's awareness of the potential ulterior motives of the witness." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). However, the cautionary instruction is unnecessary when the witness does not qualify as an accomplice. *People v McGhee*, 268 Mich App 600, 609; 709 NW2d 595 (2005).

Additionally, the instruction is unnecessary when "the accomplice's potential credibility problems have been plainly presented to the jury by other means, such as through defense counsel's cross-examination of the alleged accomplice." *Young*, 472 Mich at 139.

Defense counsel, through cross-examination, adequately addressed issues with Oisten's credibility and any motives for testifying against defendant. Defense counsel presented to the jury that Oisten decided to cooperate with the police shortly after her relationship with defendant ended and that, immediately after her arrest, she did not tell the police that defendant had drugs or a weapon. This line of questioning by defense counsel was clearly aimed at showing Oisten had a motive to lie because of her failed relationship with defendant. In closing arguments, defense counsel emphasized this point, arguing that Oisten was motivated to lie because of the breakup. Therefore, defense counsel adequately presented to the jury that Oisten had potential credibility problems, and no cautionary instruction was required. See *Young*, 472 Mich at 139.

Furthermore, the prosecution presented evidence of defendant's guilt beyond Oisten's testimony. With respect to the possession of a controlled substance conviction, defendant was found with 2.04 grams of crack cocaine on his person. Police also found a plastic grocery bag in the backseat of the car that contained defendant's identification, a digital scale, drug packaging materials, and marijuana. Investigators each testified that they also saw defendant bend down as if to hide something in the center console before they arrived at the vehicle, and when defendant was pulled out of the seat, the officers observed a gun on the seat where defendant had just been. Thus, the prosecutor's evidence, even without Oisten's testimony, was enough for the jury to convict defendant, and the trial court did not plainly err when it failed to give the cautionary instruction.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that in the alternative, this Court should find that defense counsel was ineffective for failing to request the accomplice-credibility instruction. We disagree.

### A. STANDARD OF REVIEW

"A claim of ineffective assistance of counsel is a mixed question of law and fact." *People v Seals*, 285 Mich App 1, 17, 19-20; 776 NW2d 314 (2009). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*. Where a defendant fails to preserve a claim of ineffective assistance of counsel because the trial court did not conduct an evidentiary hearing, this Court's "review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

### B. ANALYSIS

Both the United States and Michigan Constitutions guarantee a criminal defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To show ineffective assistance of counsel, a defendant must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v*

*Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). A defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52.

"The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). "This standard requires a reviewing court to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Id*. (quotation marks and citation omitted; alteration in original). This Court will not substitute its own judgment for that of counsel or use the benefit of hindsight in assessing the trial counsel's competence. *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). Further, defense counsel is not ineffective merely because a trial tactic did not succeed. *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

Defendant cannot overcome the strong presumption that defense counsel's performance was sound trial strategy. See *Trakhtenberg*, 493 Mich at 52. It is clear that defense counsel's strategy was to argue that the gun found on defendant's seat belonged to Oisten or some other previous passenger of the vehicle, and to cast doubt on Oisten's credibility because of bad feelings after her breakup with defendant, including cross-examining Oisten on her motive for cooperating with the police. Defense counsel also questioned Oisten about her failure to initially tell the investigators that defendant had drugs and a weapon. Defense counsel highlighted these facts in his closing argument.

It is feasible that defense counsel did not request the cautionary instruction because it would have implied to the jury that defendant was involved in selling drugs as opposed to merely possessing them, a strategy that may very well have worked given defendant was not convicted of possession with intent to distribute. Instead of taking the risk of highlighting the criminal commercial activity of the evening by focusing on Oisten as a potential criminal accomplice, defense counsel cross-examined Oisten regarding her potential ulterior motives for testifying against defendant. Defense counsel's decisions in this regard constitute decisions regarding trial strategy that we will not second guess in hindsight. See *Unger*, 278 Mich App at 242-243. Defendant has failed to show that his attorney's performance fell below an objective standard of reasonableness, and we affirm defendant's convictions.

## III. RIGHT TO ALLOCUTION

Defendant also contends that he is entitled to resentencing because the trial court failed to give defendant an opportunity to allocute at sentencing. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo "the scope and applicability of the common-law right to allocute . . . ." *People v Petty*, 469 Mich 108, 113; 665 NW2d 443 (2003). However, because defendant did not preserve this issue for appellate review, this Court reviews defendant's argument for plain error affecting substantial rights. See *Cain*, 498 Mich at 116.

## B. ANALYSIS

At sentencing, the trial court must "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence." MCR 6.425(D)(1)(c). "[I]n order to provide the defendant an opportunity to allocute, the trial court need not 'specifically' ask the defendant if he has anything to say on his own behalf before sentencing. The defendant must merely be given an opportunity to address the court if he chooses." *People v Petit*, 466 Mich 624, 628; 648 NW2d 193 (2002). Failure to strictly comply with this rule requires resentencing. *People v Wells*, 238 Mich App 383, 392; 605 NW2d 374 (1999) ("Where the trial court fails to comply with this rule, resentencing is required.").

Defendant relies on *People v Petty*, 469 Mich 108, 120; 665 NW2d 443 (2003), a case in which the Michigan Supreme Court held that the trial court did not provide defendant with an opportunity to allocute when the trial court asked defense counsel if he had concluded his presentation on behalf of defendant and then immediately began articulating its sentencing rationale. Defendant argues that his case is similar to *Petty* because the trial court in this case spoke exclusively to defense counsel when it asked if there was any allocution, immediately asked the prosecution for its sentencing recommendation, and then proceeded to sentencing after confirming that there were no objections to the PSIR.

We disagree and conclude this case is more analogous to *Petit*, 466 Mich at 628, a case in which the Michigan Supreme Court held that the trial court did not deny the defendant the right to allocution when the trial court did not specifically ask defendant if she wished to allocute, but did ask if there was "anything further?" before defense counsel answered "No, Judge." The Court explained that while it was unclear who the trial court was addressing, it was clear by defense counsel's response to the court's question that he had nothing additional to add. *Id*. Further, the Court explained that the defendant had the opportunity to address the trial court when defense counsel answered that he had nothing further to say. *Id*.

In this case, the trial court asked defense counsel to allocute on defendant's behalf. After defense counsel concluded, the prosecutor argued for the adoption of the Department of Correction's recommended sentence. The trial court then asked if defense counsel had the opportunity to review the PSIR with defendant and asked if there were any additions, corrections, or deletions. Defense counsel responded that there were none, and the trial court proceeded to explain its sentencing rationale. The trial court did not expressly ask defendant if he wished to allocute.

We disagree with defendant's characterization that this case is similar to *Petty* because, unlike that case, the trial court did not immediately begin sentencing defendant after the prosecutor finished speaking. This case is also dissimilar to *Petit*, 466 Mich at 628, where the trial court asked the general question of both parties, "anything further?" before sentencing. Here, the trial court paused to ask defense counsel if there were any objections to the PSIR. After defense counsel and the prosecutor spoke, the trial court's specific question regarding objections to the PSIR provided an opportunity for defendant to speak on his own behalf. While the trial court's question was directed toward defense counsel, the court specifically asked counsel if he had conferred with defendant regarding the PSIR. This is similar to the question posed by the trial court in *Petit*, and

was the juncture in which defendant had the opportunity to address the trial court if he chose to do so. See *Petit*, 466 Mich at 628 (stating that "the trial court need not 'specifically' ask the defendant if he has anything to say on his own behalf before sentencing" but rather "must merely be given an opportunity to address the court if he chooses"). Accordingly, defendant is not entitled to resentencing because the trial court provided defendant with the opportunity to allocute on his own behalf.

## IV. SENTENCING

Lastly, defendant argues that he is entitled to resentencing because the trial court imposed consecutive sentences of 2 to 15 years' imprisonment for each felony-firearm conviction when the law mandates that each felony-firearm conviction carries a flat two-year sentence. At the sentencing hearing, the trial court orally sentenced defendant to two years for each felony-firearm conviction to be served consecutive to and preceding each underlying offense. The original judgment of sentence listed each felony-firearm conviction as a sentence of 2 to 15 years' incarceration to run consecutive and preceding each underlying felony. The judgment of sentence was later amended to reflect the trial court's oral ruling. Thus, because the trial court has already addressed this issue, it is moot. See *People v Smith*, 502 Mich 624, 631; 918 NW2d 718 (2018).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford