*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MIKENZI ALLEN MOORE,

      Defendant-Appellant.

UNPUBLISHED
March 21, 2024

No. 362769
St. Clair Circuit Court
LC No. 22-000193-FH

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of discharge of a firearm in or at a building, MCL 750.234b; discharge of a firearm from a vehicle, MCL 750.234a; felonious assault, MCL 750.82; and possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 2 to 10 years' imprisonment for discharge of a firearm at a building as well as for discharge of a firearm from a vehicle, two to four years' imprisonment for felonious assault, and two years' imprisonment for felony-firearm. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Dominic Jerome, driving a silver Chevy Cobalt, and his passenger, Christopher Gunn, went to a house to purchase marijuana. They parked the car outside the house, and Caleb Bark came out carrying a small bag of marijuana. Bark walked up to the passenger window where Gunn was sitting. Bark and the passengers argued because Gunn and Jerome allegedly did not pay the full amount. Jerome began to drive the car away, and Bark jumped into the passenger window and was hanging out of the window while the car drove down the street, dragging him down the road. After Bark dropped out of the window, Jerome realized Bark had taken his house key.

Jerome contacted defendant to help him retrieve the key. Jerome and Gunn returned to the house with defendant. Bark, Cole Nichols, and Kyle Brockitt were standing in the driveway. Bark approached the car, Jerome drove off, and Nichols, who was still standing in the driveway, threw a brick at the car. Defendant pulled out a handgun, leaned out of the passenger window, and fired multiple shots at Bark, Nichols, and Brockitt in the driveway.

Jerome was found several months later and interviewed by police, during which he identified defendant as the shooter. At trial, the prosecution stated it wished to have Gunn and Jerome testify against defendant in exchange for immunity from prosecution for any truthful testimony given. Gunn and Jerome testified and identified defendant as the shooter. Travis Reed, a police officer with the Port Huron Police Department, interviewed defendant after his arrest. Defendant told Officer Reed he never held a gun, never had a gun, and was not a violent person. To impeach this assertion, Officer Reed showed defendant a photograph from his Facebook page of him holding a gun. The prosecution moved to admit the photograph, and defendant objected, arguing it was highly prejudicial because its probative value was substantially outweighed by the danger of undue prejudice, but the trial court overruled defendant's objection.

At the close of testimony, the jury was sequestered and the trial court considered jury instructions. In terms of the proposed instruction for Gunn's and Jerome's accomplice testimony, the trial court stated:

> I have trouble, I have issue with the second part of Paragraph 1 [of the jury instruction] and that is, and this would be to as both Jerome and Gunn and this one reads Dominic Anthony Jerome has not admitted to taking part in the crime, but there is evidence that could lead you to think that he did. It's not my job to suggest to the jury whether there is or is not evidence. That's their job to determine and I think that it's wrong for the Court to make that suggestion in the form of a jury instruction because the first part is you may consider whether Dominic Anthony Jerome said in court and you must decide whether he took part in the crime Defendant is charged with committing. And then they're going to get a definition about what an accomplice is.

> So the second part of that they don't need. The first part is all they need. They have to decide whether or not he took part in the crime that the Defendant is charged with committing. I'm not going to suggest to them that there is evidence because there may not be in their mind. And I think it's wrong for the Court to suggest that.

> And then that person knowingly, willingly helps or cooperates with someone else in committing the crime is called an accomplice, that's perfectly fine.

> And then the next instruction suggests to the jury however they should deal with that if they find he was, in fact, an accomplice.

> So, once again, I would suggest including Jerome and Gunn in a single instruction, but the second part of that I believe needs to be stricken.

The trial court ultimately instructed the jury regarding Jerome's and Gunn's testimony as accomplices as follows:

> Before you may consider what Dominic Jerome and Christopher Gunn said in court, you must decide whether he or they took part in this crime, took part in the crime the Defendant is charged with committing.

-2-

In terms of the felonious assault charge, the trial court instructed the jury:

> In Count 3, the Defendant is charged with the crime of felonious assault. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> First, that the Defendant either attempted to commit a battery on Cole Nichols and/or Caleb Bark and/or Kyle Brockitt or did an act that would cause a reasonable person to fear or apprehend an immediate battery. A battery is a forceful or violent touching of the person or something closely connected with the person.
>
> Second, that the Defendant intended to either injure Cole Nichols, Caleb Bark or Kyle Brockitt or to make Cole Nichols, Caleb Bark or Kyle Brockitt reasonably fear an immediate battery.

The jury found defendant guilty of all counts, and defendant was sentenced as noted above. Defendant moved for resentencing and the parties stipulated to amend the judgment of sentence to reflect the only offense to be served consecutively to felony-firearm was the discharging of a firearm from a vehicle. Defendant moved for a new trial, arguing the trial court erred when it did not give a specific unanimity instruction regarding the three victims involved in the felonious assault. Alternatively, defendant claimed his counsel was ineffective for failing to request this unanimity instruction. The trial court denied defendant's motion for a new trial. This appeal followed.

## II. UNANIMITY INSTRUCTION

Defendant argues he was denied his constitutionally-guaranteed right to a unanimous verdict because the jury was not given a special unanimity instruction on the felonious assault charge. Further, defendant argues, defense counsel was ineffective for failing to request this instruction. We disagree.

As an initial matter, defendant's argument regarding the unanimity instruction is waived because defense counsel did not request the trial court for the specific instruction and approved the instructions. Defendant "waived any objection to a jury instruction because his counsel affirmatively approved the instruction." *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). "When the trial court asks whether a party has any objections to the jury instructions and the party responds negatively, it is an affirmative approval of the trial court's instructions." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Carter*, 462 Mich at 215 (quotation marks and citation omitted). Although "[a] defendant may not waive objection to an issue before the trial court and then raise it as an error on appeal," *id*. at 214 (quotation marks and citation omitted), because defendant's ineffective assistance of counsel challenge is based on the failure to request this jury instruction, review of this issue is still required.

"[T]his Court reviews de novo claims of instructional error." *People v Spaulding*, 332 Mich App 638, 652; 957 NW2d 843 (2020) (quotation marks and citation omitted). "A defendant's ineffective assistance of counsel claim is a mixed question of fact and constitutional law." *People*

*v Shaw*, 315 Mich App 668, 671; 892 NW2d 15 (2016) (quotation marks and citation omitted). This Court reviews "de novo questions of constitutional law." *People v Vaughn*, 491 Mich 642, 650; 821 NW2d 288 (2012). "When reviewing an ineffective assistance of counsel claim, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *Shaw*, 315 Mich App at 671-672. "The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake." *Id*. at 672.

Criminal defendants are guaranteed the right to a unanimous jury verdict. *People v Chelmicki*, 305 Mich App 58, 67; 850 NW2d 612 (2014), citing MCR 6.410(B). "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *Chelmicki*, 305 Mich App at 67-68 (quotation marks and citation omitted). "Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity." *Id*. at 68. "However, a specific unanimity instruction may be required in cases in which more than one act is presented as evidence of the actus reus of a single criminal offense and each act is established through materially distinguishable evidence that would lead to juror confusion." *Id*. (quotation marks and citation omitted). Our Supreme Court stated:

> [A] specific unanimity instruction is not required in *all* cases in which more than one act is presented as evidence of the actus reus of a single criminal offense. The critical inquiry is whether either party has presented evidence that *materially* distinguishes any of the alleged multiple acts from the others. In other words, where materially identical evidence is presented with respect to each act, and there is no juror confusion, a general unanimity instruction will suffice. [*People v Cooks*, 446 Mich 503, 512-513; 521 NW2d 275 (1994) (citation omitted).]

Defendant argues the jury may have been confused by the prosecution's use of "and/or" when listing the victims of the felonious assault. Defendant contends some jurors may have believed he was guilty of felonious assault against Bark, others believing the assault was against Nichols, others against Brockitt, resulting in a verdict which was not unanimous.

Defendant was convicted of one count of felonious assault under MCL 750.82, which states: "[A] person who assaults another person with a gun, . . . or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony . . . ." "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). "[C]ases in which more than one act is presented as evidence of the actus reus of a single criminal offense are analytically distinct from cases like the one before us today, in which defendant may be properly convicted on multiple theories that represent the same element of the offense." *Chelmicki*, 305 Mich App at 68 (quotation marks and citation omitted).

The jury found defendant committed one criminal act when he fired multiple gunshots at the victims. The prosecution's use of the conjunctions "and/or" did not describe multiple acts. As a result, the offense's *actus reus* element was not established by multiple acts, which would necessitate a specific unanimity instruction. See *id*. Instead, listing the victims as it did "relate[s] to a single element of the offense, and [is] merely different ways of establishing that element." *Id*. Further, in closing argument, the prosecutor stated: "In this case what I'm referring to is that we

have three victims in this case. Three victims who were shot at. We had Cole Nichols, Caleb Bark and Kyle Brockitt." The prosecutor continued: "These three individuals, Cole Nichols, Caleb Bark, and Kyle Brockitt, they deserve equal protection under law." This also dispelled any confusion the jury had about who comprised the victims. Because defendant committed a single criminal act against the victims, the specific unanimity instruction was unnecessary, and the trial court fulfilled its duty when it provided the general unanimity instruction. *Id.*

Defendant argues the jury *may* have been confused by the prosecution's use of "and/or" when listing the victims without the specific unanimity instruction. Defendant provides no evidence to support this assertion. Instead, defendant contends: "With the number of victims and the contradictions among the testimony, there was reason to believe that jurors disagreed about who was/were the victim(s)." There is no basis on the record to support defendant's assertion there was unresolved jury confusion. See *People v Graves*, 458 Mich 476, 488; 581 NW2d 229 (1998). The jury did not ask the trial court questions during trial or deliberations, it returned a unanimous verdict, and when polled, all jurors asserted they agreed with the verdict. The record clearly shows the jury was not confused, and defendant cannot make a general assertion of jury confusion in the absence of "clear record evidence of unresolved jury confusion[.]" *Id.*

To establish ineffective assistance, a defendant must show "(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010).

Defendant's assertion that a specific unanimity instruction was required is without merit. "[I]t necessarily follows that defendant's claim of ineffective assistance of counsel must fail because defense counsel is not required to make a meritless request or objection." *Chelmicki*, 305 Mich App at 69; see also *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). As a result, defendant cannot show defense counsel's performance was objectively deficient and the deficiency prejudiced him, so defendant's claim fails. See *Randolph*, 502 Mich at 9.

### III. PREJUDICIAL EVIDENCE

Next, defendant argues he was denied his federal and state constitutional due-process right to a fair trial when the trial court admitted the Facebook photograph which was unfairly prejudicial. We disagree.

This Court reviews "for an abuse of discretion a trial court's decision to admit or exclude evidence." *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). "Where the admission of evidence involves a preliminary question of law, [this Court] review[s] that question de novo." *Id.* To determine preliminary questions of law, this Court considers "whether a rule of evidence or statute precludes admissibility of the evidence." *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015).

However, defendant raises the issue of the photograph violating his due-process rights for the first time on appeal, resulting in the issue being unpreserved. This Court reviews unpreserved constitutional claims for plain error affecting defendant's substantial rights. See *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Under the plain-error rule, defendant must prove that 1) an error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected his substantial rights. *Id*. at 763. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted; alteration in original).

The United States Constitution and the Michigan Constitution guarantee a criminal defendant be given due process of law. US Const Am XIV; Const 1963, art 1 § 17. The issue is whether the Facebook photograph of defendant holding a gun "so infused the trial with unfairness as to deny due process of law." *Estelle v McGuire*, 502 US 62, 75; 112 S Ct 475; 116 L Ed 2d 385 (1991) (quotation marks and citation omitted). It did not.

The prosecution presented, and the trial court admitted into evidence, a photograph from defendant's personal Facebook page of him holding a gun. "Photographic evidence is generally admissible as long as it is relevant, MRE 401, and not unduly prejudicial, MRE 403." *People v Gayheart*, 285 Mich App 202, 227; 776 NW2d 330 (2009). Relevant evidence is evidence having "any tendency to make a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence[.]" MRE 401.[1] Once the evidence's relevance is determined, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "[U]ndue prejudice refers to an undue tendency to move the tribunal to decide on an improper basis." *People v Buie*, 298 Mich App 50, 73; 825 NW2d 361 (2012) (quotation marks and citation omitted). Importantly, MRE 403 "does not prohibit prejudicial evidence; only evidence that is unfairly so." *People v Mardlin*, 487 Mich 609, 627; 790 NW2d 607 (2010) (quotation marks and citation omitted).

"Photographs may properly be used to corroborate other evidence and are not excludable simply because they are cumulative of a witness's oral testimony." *Gayheart*, 285 Mich App at 227. While the photograph of defendant holding what appeared to be a gun was certainly prejudicial to defendant, it was not unfairly so. The photograph was relevant to impeach defendant's statements to Officer Reed that he never held or owned a gun, making it directly relevant to the issue of defendant's truthfulness. Defendant argues on appeal that the prosecution failed to show a sufficient foundation linking the photograph to the gun used during the crime. Further, defendant contends the object he was holding, at most, depicted him holding an object which appeared to be a gun at some point in his life, but the object was never verified as being a real gun. This was not the purpose for admitting the evidence. When asked what the significance

---

[1] The Michigan Rules of Evidence were amended effective January 1, 2024. All citations to the rules herein will be to the previous versions in effect at the time of defendant's trial.

of the photograph was, Officer Reed responded that defendant "[stated] that he never held a gun or had a gun before and obviously that picture shows him holding a gun."

Admission of "[e]vidence is unfairly prejudicial when . . . [the danger exists] that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation marks and citation omitted; alterations in original). At the same time, our Supreme Court recognized "the prosecution does not have to use the least prejudicial evidence to make out its case." *Id*. If the photograph was the prosecution's only evidence against defendant, it could be unfairly prejudicial. However, the prosecution provided witness testimony linking defendant to the shooting, and the mother of defendant's girlfriend and her sister indicated defendant had a gun. The prejudicial effect of the photograph "did not stir such passion as to divert the jury from rational consideration of [defendant's] guilt or innocence of the charged offenses." *Id*. at 611-612 (citation omitted). Further, any prejudicial effect did not substantially outweigh the probative value of the evidence. The trial court found the photograph was relevant to show defendant lied to Officer Reed during the interview. As a result, any prejudicial effect did not substantially outweigh the probative value and the trial court did not abuse its discretion when it allowed the Facebook photograph of defendant holding a gun to be introduced. Defendant did not satisfy the plain-error rule as to his constitutional challenge because an error did not occur affecting his substantial rights.

## IV. ACCOMPLICE TESTIMONY

Lastly, defendant argues the trial court erred when it failed to instruct the jury on the full accomplice instruction.

As noted above, "[t]his Court reviews de novo claims of instructional error." *Spaulding*, 332 Mich App at 652 (quotation marks and citation omitted). "[T]he decision whether to give a cautionary accomplice instruction falls within the trial court's sound discretion." *People v Young*, 472 Mich 130, 135; 693 NW2d 801 (2005). This Court "review[s] that decision for an abuse of discretion." *Id*. This Court reviews "de novo questions of constitutional law." *Vaughn*, 491 Mich at 650.

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Ogilvie*, 341 Mich App 28, 34; 989 NW2d 250 (2022) (quotation marks and citation omitted). "The instruction to the jury must include all elements of the crime charged . . . and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id*. at 34-35 (quotation marks and citation omitted). "Although the trial court is not obligated to *sua sponte* present instructions regarding a defendant's theory, the trial court is obligated to give instructions on any theory or defense supported by the evidence upon request." *Id*. at 35.

Gunn and Jerome were defendant's alleged accomplices. An accomplice is "[a] person who knowingly and willingly helps or cooperates with someone else in committing a crime . . . ." *People v Heikkinen*, 250 Mich App 322, 325 n 1; 646 NW2d 190 (2002) (quotation marks and citation omitted). M Crim JI 5.5, the jury instruction at issue, states:

(1) Before you may consider what [*name witness*] said in court, you must decide whether [he / she] took part in the crime the defendant is charged with committing. [*Name witness*] has not admitted taking part in the crime, but there is evidence that could lead you to think that [he / she] did.

The trial court instructed the jury regarding Jerome and Gunn's testimony as accomplices:

Before you may consider what Dominic Jerome and Christopher Gunn said in court, you must decide whether he or they took part in this crime, took part in the crime the Defendant is charged with committing.

The trial court omitted the last sentence from the jury instruction: "[*Name witness*] has not admitted taking part in the crime, but there is evidence that could lead you to think that [he / she] did." M Crim JI 5.5. The trial court reasoned it was not its role to suggest to the jury whether there was evidence implicating Gunn and Jerome as accomplices.

The primary purpose of the accomplice cautionary instruction is to "raise the jury's awareness of the potential ulterior motives of the witness." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). The instruction is unnecessary when "the accomplice's potential credibility problems have been plainly presented to the jury by other means, such as through defense counsel's cross-examination of the alleged accomplice." *Young*, 472 Mich at 139.

Defense counsel, through cross-examination and in closing argument, sufficiently addressed any issues with Gunn's and Jerome's credibility and any motives they had for testifying against defendant, including immunity from prosecution for their own criminal activity during the shooting. In addition, the trial court gave the jury the specific accomplice instruction, choosing to omit one sentence from the instruction. In light of the arguments made to the jury by defense counsel, and the specific accomplice instruction given by the trial court, this omission does not rise to a "watering down of the truth-seeking process" as defendant contends on appeal. "[Defendant] is entitled to a fair trial but not a perfect one for there are no perfect trials." *People v Miller*, 482 Mich 540, 559; 759 NW2d 850 (2008) (quotation marks and citation omitted).

This Court "must consider the [jury] instructions as a whole, rather than piecemeal, to determine whether any error occurred." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). Doing so leads to the conclusion that the jury was aware of any credibility issues with Gunn's and Jerome's testimony. "[A]n imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *Id*. at 501-502. Taken as a whole, defense counsel's cross-examination, closing argument, and the jury instruction given by the trial court fairly presented the issue of credibility to the jury, and allowed the jury to determine Gunn's and Jerome's truthfulness and motives. The jury knew Gunn and Jerome were in the car, and they were involved in a drug deal. Further, the trial court instructed the jury: "You must decide which witnesses you believe and how important you think their testimony is. You do not have to accept or reject everything a witness said. You are free to believe all, none, or part of any person's testimony." Given this general instruction, and the specific accomplice instruction, defendant simply cannot establish the trial court's omission of the one sentence "affected the outcome of the lower court proceedings." *Id*.

at 510.  As a result, the trial court did not err in failing to instruct the jury on the full disputed accomplice instruction.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Allie Greenleaf Maldonado